(No. 84-CC-3043–

*In re* APPLICATION OF LINDA FORD and BEVERLY McGEE.

*Opinion filed March 18, 1986.*

BILANDIC, NEISTEIN, RICHMAN, HAUSLINGER & YOUNG, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This is a claim for compensation arising out of the death of Julian W. Ford, Jr., a City of Chicago Police Officer, pursuant to the provisions of the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics, and Firemen Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 281 *et seq.*) (hereinafter referred to as the Act). A hearing was held before Commissioner Martin Ashman and he has duly filed his report. The matter now comes before the Court for a decision.

The evidence is undisputed that on March 27, 1984, Officer Ford was assigned to the 14th District in the City of Chicago and was assigned a foot patrol through Pulaski Park located at 1419 West Blackhawk. He commenced working his beat at 1:30 p.m. on that date. He was temporarily taking this beat patrol from the regular officer so assigned, Officer Howard J. Kilroy. The beat was patrolled alone.

The basic concern of the beat was to keep gangs out of the park. Gangs encountered there were the Milwaukee Kings, Latin Kings, Disciples, Jousters and Greenview Boys. Shootings were encountered by Officer Kilroy at times in the past on this beat. Officer Kilroy testified that the beat would be more difficult for an officer new to the area such as Officer Ford, since the gangs might try to harass him.

At 7:15 p.m. Officer Ford, while walking across the

basketball floor in the park during the course of his foot patrol, collapsed and died later that date. The cause of death according to the medical examiner's office was acute myocardial infarction.

The issue presented to the Court, in this case, is whether Officer Ford was "killed in the line of duty."

The Act, at section 2(e) provides the following definition:

" 'Killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer . . . if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause." Ill. Rev. Stat. 1983, ch. 48, par. 282(e).

There is no question that Officer Ford died while in the course of his duty as a law enforcement officer and that the death occurred within one year from the date of the injury. There is no evidence that the officer died as a result of violence. Thus, the issue is whether he died from "other accidental cause."

In the case of *Georgean v. State* (1973), 28 Ill. Ct. Cl. 408, this Court, while finding that the Claimant there was not a law enforcement officer, stated that since there was some ambiguity in the statute, it would be helpful to set out some general guidelines and principles regarding heart attack cases and in so deciding concluded at page 413:

"In summary, it is our opinion that the legislature intended to compensate the survivors of law enforcement officers and firemen who were exposed to risks greater than those to which the public is exposed. There is no rationale for compensating survivors of policemen or firemen who died as a result of mundane activities which did not involve special risks to their decedent's persons."

Officer Ford was exposed to risks greater than those to which the public in general is exposed. He, on foot and alone, patrolled an area in which gang activities were a concern and in which shootings had occurred in

the past. He was new to the beat and unfamiliar with the gang members. He collapsed approximately six hours after commencement of his work.

It is our opinion that the stress associated with the risks Officer Ford was exposed to contributed to his death. We therefore find that he died as a result of an "other accidental cause" and thus was "killed in the line of duty." This claim accordingly is compensable.

The application for benefits submitted in this claim indicate the decedent did not execute a designation of beneficiary form showing who should receive an award under the Act. Section 3(a) of the Act therefore requires that Linda Ford receive the entire amount payable since she is the surviving spouse of the decedent. Ill. Rev. Stat. 1983, ch. 48, par. 283(a).

Wherefore, it is hereby ordered that an award of $50,000.00 be, and is, hereby granted to Linda Ford, the surviving spouse and statutory beneficiary of Police Officer Julian W. Ford, Jr.